

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
Brookfield Place, 200 Vesey St.
New York, NY 10281-1022

**DIVISION OF
ENFORCEMENT**

David Stoelting
Senior Trial Counsel
(212) 336-0174 (direct)
(212) 336-1324 (fax)

February 28, 2017

**BY ECF**

The Honorable Gregory H. Woods
United States District Judge
United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

    Re:    *SEC v. Gregory T. Dean and Donald J. Fowler,* **17-cv-139-GHW**

Dear Judge Woods:

I write to provide the Court with the joint status letter requested in the Notice of Initial Pretrial Conference dated January 12, 2017.  Pursuant to the Notice, the Initial Pretrial Conference is scheduled for March 7, 2017, at 4:00 p.m.

1. **Nature of the case**

The SEC alleges that defendants Gregory T. Dean and Donald J. Fowler, who were registered representatives at J.D. Nicholas & Associates, Inc., a now-defunct broker-dealer based in Syosset, NY, recommended to their customers a high-cost trading strategy consisting of the excessive buying and selling of stocks.  Dean and Fowler's strategy benefitted them because the frequency of the trading generated substantial commissions and other fees, but their customers ended up with enormous losses.  Dean's and Fowler's conduct violated Section 17(a) of the Securities Act of 1933 ("Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder.

2. **Subject matter jurisdiction and venue**

    a. **Plaintiff's statement**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, Section 22(a) of the Securities Act, and Sections 21(d), 21(e), and 27 of the Exchange Act.  Venue lies in the Southern District of New York pursuant to 28 U.S.C. §1391(b)(2), Section 22(a) of the Securities Act, and Section 27 of the Exchange Act.

      **b. Defendants' statement**

For the reasons stated by Plaintiff, Defendants agree that this Court has subject matter jurisdiction over this matter and venue is proper.

**3. Motions**

No motions are pending.  The Defendants anticipate filing a motion to dismiss, which is described below, and the SEC's response follows.

      **a. Defendants' Statement**

Defendants intend to file a motion to dismiss.  Defendants also ask that this serve as our pre-motion submission as required by the Court's Individual Rules of Practice.  If the Court would prefer us to submit a separate letter with a pre-motion request, we will be happy to do so.

As indicated in the draft Civil Case management Plan, Defendants also request that discovery be stayed pending resolution of the motion to dismiss and, if the SEC is obliged to amend the complaint, that the stay continue until after the Defendants have filed a responsive pleading to the amended complaint.

Defendants will assert that the SEC's Complaint should be dismissed for failure to comply with the pleading requirement of Fed.R.Civ.P. 9(b). Fed. R. Civ. P. 9(b) provides that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. The heightened standard is meant to provide a defendant with fair notice of a plaintiff's claim and to safeguard a defendant's reputation from improvident charges of wrongdoing. SEC v. Parnes, 2001 U.S. Dist. LEXIS 21722 *14 (S.D.N.Y. Dec. 26, 2001). Furthermore, a complaint "may not rely upon blanket references to acts or omissions by all of the defendant, for each defendant named in the complaint is entitled to be apprised of the circumstances surrounding the fraudulent conduct with which it individually stands charged. Id. at * 12. Despite these pleading requirements, the SEC's Complaint is riddled with undifferentiated factual references to Defendants Dean and Fowler. (Compl. ¶17-24, 36-37).  In fact, the Complaint only has one actual reference to the fact that Dean and Fowler actually had separate customers. (Compl.¶39).  Moreover, the complaint makes three allegations of churning against both Dean and Fowler, while simultaneously asserting that only one of the Defendants had de facto control of each of the customer accounts. (Compl. ¶41-47).

Defendants will assert that the SEC's Complaint should also be dismissed for failure to comply with the pleading requirement of Fed.R.Civ.P. 8(a)(2).  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court held in Bell Atlantic v. Twombly, 550 U.S. 544 (2007), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id. at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557. Despite these pleading

requirements, the SEC's Complaint broadly asserts that "many" unauthorized trades occurred in customer accounts without actually identifying the alleged transactions which were made "without customer authorization", without identifying the customer accounts these transactions occurred in, and without specifying which Defendant allegedly executed those transactions. (Compl. ¶24).

Because Defendants are in the process of preparing the motion to dismiss, Defendants reserve the right to assert additional grounds for the motion to dismiss.

### b. Plaintiff's Statement

*First*, the SEC opposes the defendants' motion to stay discovery.  The filing of a motion to dismiss does not stay discovery in SEC enforcement actions.

*Second*, the motion to dismiss described by Defendants is without merit.  In deciding a motion to dismiss, the Court must accept the factual allegations as true and draw all reasonable inferences in plaintiff's favor.  The Complaint should not be dismissed if the factual allegations "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

The Complaint alleges with specificity that the Defendants, while registered representatives at a broker-dealer named J.D. Nicholas & Co., Inc., engaged in churning of customer accounts, and also recommended investments strategies without a reasonable basis, in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and Section 17(a) of the Securities Act.

The Complaint more than satisfies the Rules 9(b) and 8(b)(2), and the Defendants' claim that they do not have a "fair notice" of the allegations has no basis.  Paragraphs 17 – 48 of the Complaint contain detailed allegations of the Defendants' churning and excessive trading in 27 accounts.  These 27 accounts, moreover, are identified, as well as the period of time each account was open.  The Attachment to the Complaint further alleges the cost-to-equity ratio and annualized turnover, the factors that Courts have used to determine fraudulent churning and excessive trading.  The Complaint also provides, for each of the 27 accounts, average equity, total purchases, total costs to customer and total loss.  (The customers, who Defendants plainly know, are not identified in the Complaint; however, the SEC identified the customers to the Defendants at the time the Complaint was filed.)

Defendants make little more than a token effort to claim insufficient notice to prepare a defense.  Instead, Defendants assume a posture of ignorance about their own customers and accounts that they handled for years.  Their vague and unsubstantiated claim that the Complaint is "riddled with undifferentiated factual references" also has no merit.  The Complaint alleges that Dean and Fowler employed identical strategies, that they worked at the same firm, acted as "partners" and "split all revenue 50/50."  The Defendants appear to focus on the fact that the Complaint alleges that Dean and Fowler "had separate customers" but, except for the three churned accounts (¶¶ 41-48), does not allege which Defendant serviced which account.  This does not make the Complaint deficient, however, because the accounts that were handled separately by Dean or Fowler constitute facts that are "peculiarly within the opposing party's knowledge." *Joseph v.*

*Mobileye NV*, __ F.3d. __, 2016 WL 7488857, *4 (S.D.N.Y. Dec. 13, 2016) (denying motion to dismiss).

4. **Discovery**

Although discovery under the Federal Rules of Civil Procedure has not commenced, the SEC's investigative files in this matter contain documents, data compilations and other tangible things that are within the scope of Rule 26(b), and these documents, excluding privileged or otherwise undiscoverable material, will be produced or made available for inspection by the defendants at a mutually agreeable time following the exchange of Initial Disclosures.

5. **Damages**

In this civil enforcement action, the SEC does not claim or seek damages. Rather, the SEC seeks various forms of equitable relief and remedial sanctions expressly authorized by statute. The two forms of monetary relief sought by the SEC are disgorgement and civil penalties. With respect to disgorgement, the SEC seeks an order requiring defendants Dean and Fowler to disgorge the full amount of their ill-gotten gains received as a result of the violations alleged in the complaint, and to pay prejudgment interest thereon. As to penalties, the Commission seeks an order requiring Dean and Fowler to pay civil money penalties pursuant to Section 21(d)(3) of the Exchange Act and/or Section 20(d) of the Securities Act. In the event the SEC prevails on any of its claims, and absent a settlement, the Court shall determine the amount, if any, of the civil penalties according to the criteria described in the applicable statutory provisions.

6. **Settlement discussions**

The parties have not engaged in settlement discussions.

Respectfully submitted,

/s *David Stoelting*

David Stoelting