

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
New York Regional Office
Brookfield Place, 200 Vesey St.
New York, NY 10281-1022

DIVISION OF
ENFORCEMENT

David Stoelting
Senior Trial Counsel
(212) 336-0174 (direct)
(212) 336-1324 (fax)

November 22, 2017

**BY ECF**

The Honorable Gregory H. Woods
United States District Judge
United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

    Re:    *SEC v. Gregory T. Dean and Donald J. Fowler*, **17-cv-139-GHW**

Dear Judge Woods:

The parties jointly submit this joint status letter requested in the Civil Case Management Plan and Scheduling Order dated March 8, 2017, Dkt. No. 15.

1. **All Existing Deadlines, Due Dates And/Or Cut-Off Dates**

   - Per the Court's Order dated September 25, 2017, Dkt. No. 35, all expert discovery will be completed by December 11, 2017.

   - Per the Court's Individual Rule 2(C), a request for a pre-motion conference relating to any motion for summary judgment is due on December 18, 2017.

   - Per the Court's Order dated September 25, 2017, Dkt. No. 35, motions for summary judgment, if any, will be filed by January 10, 2018.

   - Per the Civil Case Management Plan and Scheduling Order dated March 8, 2017, Dkt. No. 15, the joint pretrial order is due 30 days from the close of discovery, or if any dispositive motion is filed, 21 days from the Court's decision on such motion.

   - Per the Court's direction at a November 14, 2017, teleconference regarding the SEC's pre-motion letter for sanctions and the defendants' response (Dkt. Nos. 41, 46), the Court directed the SEC to make an additional disclosure regarding the spoliation issue at the time of the December 18, 2017, disclosure regarding summary judgment motions. The Court also requested a second pre-motion letter with regard to the SEC's request for sanctions as to the defendants' disclosures relating the McCoy documents, but did not set a deadline for this letter. 11/14/17 Hrg. Tr. at 40-42.

2. **A Brief Description Of Any Outstanding Motions**

None.

### 3. A Brief Description Of The Status of Discovery And Of Any Additional Discovery That Remains To Be Completed

Per the Court's Order dated September 25, 2017, Dkt. No. 35, fact discovery was completed as of October 27, 2017. The parties are currently engaged in expert discovery. The SEC and Defendants made the disclosures required by Fed. R. Civ. P. 26(a)(2) on October 27, 2017, and November 10, 2017, respectively. The deposition of Defendants' proposed expert is scheduled for December 11, 2017. Defendants will serve a subpoena for documents upon Plaintiff's expert this week.

Regarding additional discovery, the SEC seeks leave to serve a trial subpoena for the home telephone records of defendant Gregory T. Dean. In his errata sheet for the deposition on July 13, 2017, dated November 7, 2017 (after the close of fact discovery), Mr. Dean stated for the first time that he used his home telephone to speak with customers of J.D. Nicholas & Associates, Inc. ("JDN"). At his testimony on November 14, 2014, during the SEC's pre-Complaint investigation, Mr. Dean stated on the record that he never worked from home and never used his cell phone to speak with customers of JDN. Dean Tr. 41:25-42:15. In response to the question, "In terms of speaking with customers, are you always using J.D. Nicholas' office land line," Mr. Dean responded "Yes." Dean Tr. 42:4-6. At Mr. Dean's deposition on July 13, 2017, Mr. Dean testified that he "typically" used his office desk phone to correspond with JDN customers, but that he "could have had a cellphone conversation here and there." Dean Tr. 66:1-14. Following Mr. Dean's deposition, the SEC promptly issued a Rule 45 subpoena for Mr. Dean's cellphone records. Given that Mr. Dean did not testify either in 2014 or in 2017 that he used his home phone to speak with customers, and that the defendants' initial disclosures did not identify Mr. Dean's home telephone records as relevant, the SEC had no reason to subpoena Mr. Dean's home phone records. It was only upon receipt of the errata sheet, on November 8 – ten days after the close of fact discovery – that the SEC learned for the first time that Mr. Dean claims to have used his home phone to speak with customers. Defendants will not oppose this request.

### 4. The Status Of Settlement Discussions

The parties discussed the terms of a possible settlement in August 2017, but were unable to reach agreement.

### 5. The Anticipated Length Of Trial And Whether The Case Is To Be Tried To A Jury

This case is to be tried to a jury. The SEC believes present best estimate of the length of trial is 6-7 days. The Defendants are unable to provide an estimate because we do not have a clear idea of which witnesses the SEC intends to call at trial. For instance, the SEC has identified 27 customers in the Amended Complaint. If the SEC intends to call all of those customer witnesses, their examination would require a substantial amount of time.

### 6. Whether The Parties Anticipate Filing Motions For Summary Judgment

The SEC anticipates filing a motion for summary judgment. Defendants anticipate filing a motion for summary judgment as well.

### 7. Any Other Issue That The Parties Would Like To Address At The Pretrial Conference Or Any Other Information That The Parties Believe May Assist The Court

It may be premature to address this issue, but defendants would like the Court's guidance as to how previously taped deposition testimony is to be prepared and presented at trial.

The SEC raises the issue of defendants' failure to admit the genuineness of certain documents. On August 7, 2017, the SEC served a Request for Admission ("RFA") pursuant to Federal Rule of Civil Procedure 36 on the defendants. The RFA consisted of a single request: that the defendants "[a]dmit the genuineness of all documents" listed on an Attachment. Although the Attachment was voluminous (over 400 pages), the listed documents had previously been provided to the defendants and the Attachment provided bates numbers for identification. The documents listed on the Attachment were primarily account-related documents for the customers at issue, as well as trading blotters and other documents generated by the clearing firm for J.D. Nicholas & Associates, Inc. The defendants' response, dated August 25, 2017, failed to admit the genuineness of any document listed on the Attachment. Instead, the defendants listed a series of objections, including "impossibility," "vague and ambiguous," "burdensome," and "irrelevant." Federal Rule of Civil procedure 37(c)(2) provides that "[i]f a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine . . . the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof." Rule 37(c)(2) provides that "[t]he court must so order" such sanctions unless the RFA is "held objectionable," was "of no substantial importance," the party refusing to admit "had a reasonable ground to believe that it might prevail on the matter," or "other good reason for the failure to admit."

Defendants object to the requests to admit as overbroad, unduly burdensome, and inconsistent with the purpose of Rule 36 of the FRCP. Rule 36 was intended to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute and facilitating the presentation of the case to the trier of fact. Rule 36 Advisory Committee Notes. However, instead of limiting the request to the documents likely to be presented to the ultimate trier of fact, the SEC has asked Defendants to admit the genuineness of a 423-page **list** that includes 713,347 bates-stamped pages (plus hundreds of voluminous spreadsheets the pages of which are not individually numbered). The documents listed comprise the majority of the SEC's production in this case. The request is facially overbroad. It is highly unlikely that the SEC would use all 713,347 bates-stamped pages in its presentation to the trier of fact. If the SEC believes certain documents within its production are essential to its case, it should separately identify those documents.

Defendants also object on the grounds of impossibility. The majority of the documents listed were not prepared or produced by Defendants. They appear to have been prepared by and produced to the SEC by third parties, purportedly in response to a document request or subpoena. By asking Defendants to admit the genuineness of documents which Defendants did not prepare or produce, the SEC is asking Defendants to review the production one-by-one and determine, among other things, whether those documents were generated and maintained in the regular course of business by someone with personal knowledge of their contents. Defendants simply are not in a position to make that determination.

Defendants also object to the request as vague and ambiguous. The SEC has not identified what it means by "genuineness" of documents. The SEC could be referring to the admissibility of the documents into evidence, their foundation, relevancy, whether they meet the "best evidence" standard, or whether the documents would constitute hearsay. The SEC has not provided any indication of what it seeks. Defendants further object to the request as irrelevant. A large portion of the documents listed

do not relate to the customers or accounts in question nor to the alleged misstatements or omissions of Defendants. The question of whether irrelevant documents are genuine (whatever that term means) is, itself, irrelevant.

Respectfully submitted,

SECURITIES AND EXCHANGE COMMISSION

McCORMICK & O'BRIEN, LLP

By:

David Stoelting
Kristin Pauley
200 Vesey Street, Suite 400
New York, NY 10281
Tel: (212) 336-0174

*Attorneys for Plaintiff*

By:

Liam O'Brien
9 East 40th Street
New York, NY 10016
Tel: (212) 286-4471

*Attorneys for Defendants*