UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| Securities and Exchange Commission,<br><br>          Plaintiff,<br><br>          v.<br><br>Gregory T. Dean and Donald J. Fowler,<br><br>          Defendants. | Case No. 17-cv-139-GHW<br>Hon. Gregory H. Woods |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF EUGENE BERNARDO**

Dated: April 1, 2019
      New York, NY

Respectfully submitted,

McCORMICK & O'BRIEN, LLP

By: _____

Liam O'Brien, Esq.
Krista Collins, Esq.
9 East 40th Street, Fourth Floor
New York, New York 10016
Tel: (212) 320.8972 x 700
Email: LOBrien@MCOBlaw.com

*Attorneys for Defendants*
*Gregory T. Dean and*
*Donald J. Fowler*

Pursuant to Federal Rules of Evidence 104, 403, 601, and 602, Defendants, by their attorneys McCormick & O'Brien, LLP, submit this Motion in Limine to exclude the testimony of Customer Eugene Bernardo.

## **ARGUMENT**

Whether a witness is fit to testify depends on his or her "capacity to observe, to remember, to communicate and to understand the nature of an oath and the duty it imposes to tell the truth." *United States v. Bloome*, 773 F. Supp. 545 (EDNY 1991). Competency of witness to testify is question for trial judge; there is no provision in Federal Rules of Evidence for exclusion of testimony because witness is mentally incompetent. *United States v. Hyson*, 721 F2d 856 (1st Cir. 1983). The Court may in its discretion exclude certain relevant evidence where the probative value is substantially outweighed by the danger of unfair prejudice and misleading the jury. Federal Rules of Evidence § 403 ("FRE").

FRE § 602 requires that a witness has personal knowledge of the matter upon which they are testifying and FRE § 601 presumes every witness is competent to testify unless the rules provide otherwise.

However, Customer Bernardo has demonstrated through his own testimony that he is incompetent to testify, and that his testimony will unfairly prejudice Defendants. The SEC has asserted claims of unauthorized trading and unsuitability on behalf of Mr. Bernardo. However, Mr. Bernardo suffers from several medical disorders which affect his health and render his memory unreliable. While his testimony may have probative value, he may be so incapacitated as to fail to understand the truthfulness required in taking the oath, and his inability to fully recall

the relevant acts, conversations, and transactions that occurred during the time at issue will unfairly prejudice Defendants.

Mr. Bernardo in his deposition on October 3, 2017 made the following statements:

- "I have Parkinson's disease, which I—which came upon me in the year 2009, and I have trigeminal neuralgia, it is a horrifying disease. It is a disease where a nerve in my brain is hitting a blood vessel and they rub together…" *See,* Transcript of Bernardo, attached hereto as Exhibit 1, at 29:17-21.

- When asked about the medications he is taking he responded: "Yes, I am on—boy, what are they called—I am on about nine medications, one is called Azilect, one is called—I can't remember the name of it is I take it to calm me down and the other one is to help prevent my Parkinson's from getting worse. *Id*. at 32:13-19.

- "One thing I would like to say, I am losing my memory. I had a test for dementia, and we have a letter on it from the doctor, it came out that I have the beginning phases of dementia." *Id.* at 33:24-34:3.

- When asked, "You testified earlier your memory today is not entirely accurate, correct?" Bernardo answered, "That is correct." *Id.* at 153:4-6.

- When having difficulty recalling the name of "the company that was working with Gregory Dean" he provided the explanation, "It is because I have a memory problem." *Id.* at 218:10-14.

- When asked about the location of the property he inherited from his parents he could not recall and stated, "I'm sorry, my mind isn't too good, I can't remember the name of the town." *Id.* at 26:3-4.

- When having difficulty recalling the name of his broker related to his account held with Aegis Capital he stated, "my mind just goes blank, I am sorry." *Id.* at 56:11-12.

- When asked about the source of income for his investments he stated, "Well, it was previous earnings from the first investor I went with, my mind goes blank, it is Shearson Lehman." *Id.* at 67:17-20.

- When asked, "Has your memory at all declined since you closed your J.D. Nicholas account?" Mr. Bernardo responded, "Yes", *Id.* at 119:20-22.

- When asked, "Would it be safe to say or accurate to say that you do not have a complete recollection of all the conversations you had concerning your J.D. Nicholas account in 2012?" Mr. Bernardo answered, "Yes." *Id.* at 119:23-25-120:1.

- When asked, "Would it be truthful to say that you today don't recall many of the conversations you had about your J.D. Nicholas account?" Mr. Bernardo answered, "Yes." *Id.* at 120:6-9.

Allowing Mr. Bernardo to testify would unfairly prejudice the defendants because Mr. Bernardo's testimony will be unreliable do to his memory loss and his condition will likely induce a panel to resolve disputed issues in Mr. Bernardo's favor out of sympathy with the witness.

Here, Mr. Bernardo's inability to accurately recall certain dates, time, and events cannot be cured by a limiting instruction because a jury is likely to disregard those deficiencies and overestimate the probative value of his evidence.

**Conclusion**

Therefore, Defendants respectfully request that the Court exclude Mr. Bernardo's testimony and preclude the SEC from offering into evidence any documentation relating to Mr. Bernardo at trial.

Dated: New York, NY
April 1, 2019

                                                            McCORMICK & O'BRIEN, LLP
Liam O'Brien, Esq.
Krista Collins, Esq.
*Attorneys for Defendants*
9 East 40th Street, Fourth Floor
New York, New York 10016
(212) 320-8972x700

To: **Via Electronic Mail**

David Stoelting, Esq.
Kristin M. Pauley, Esq.
Attorneys for Plaintiff
Securities and Exchange Commission
New York Regional Office
200 Vesey Street, Suite 400
New York, NY 10281-1022