

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
New York Regional Office
Brookfield Place, 200 Vesey St.
New York, NY  10281-1022

**DIVISION OF**
**ENFORCEMENT**

Jorge Tenreiro
Senior Trial Counsel
(212) 336-9145 (direct)

May 29, 2019

**VIA ECF AND OVERNIGHT DELIVERY**

The Honorable Gregory H. Woods
United States District Judge
United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

      Re:    *SEC v. Gregory T. Dean and Donald J. Fowler,* **17-cv-139-GHW**

Dear Judge Woods:

      We represent Plaintiff Securities and Exchange Commission ("SEC") and write pursuant to the Court's Order of May 24, 2019 directing the parties to submit any comments respecting the Court's Proposed Voir Dire Questions for the trial of this matter.  Having met and conferred with counsel for Defendants, the parties respectfully request the following modifications to the Court's proposed questions.

- Question 5: We propose stating "the rules of law as I will state them" in the last sentence.

- Question 10: Strike the words "or awarding damages," as awarding damages will not be the province of the Jury in this case.

- Question 17: "Unable" should be substituted for "able."

- Question 18: We apologize for having misspelled Ms. Pauley's name in the joint proposal.  The correct spelling is "Kristin."  In addition, the SEC will now be assisted by Cole Taylor, a contractor, instead of by Raymond Chan, an SEC paralegal.

- Question 19: Mr. O'Brien will be assisted by "Krista Collins, Silvana Aloisio, and Gerad Soman."

- Question 24: We request that the court use "employee" instead of "member of the staff."

- Question 28: Replace FINRA with "Financial Industry Regulatory Authority, or FINRA."

In addition, the SEC respectfully requests the following two modifications, to which Defendants do not consent.

- Add question 17A, created from the parties' joint proposal: "In this case it is the responsibility of the SEC to prove the elements of its claims by a 'preponderance of the evidence.' This is sometimes called the 'burden of proof.' 'Preponderance of the evidence' simply means an amount of evidence that is enough to persuade you that the SEC's claim is more likely true than not true. To put it differently, if you were to put the SEC's and a defendant's evidence on opposite sides of a scale, the SEC would only have to make the scale tip slightly in its favor. If the SEC meets this burden, your verdict must be for the SEC; if the SEC fails to meet its burden of proof, the verdict must be for that defendant. With that understanding of the law, is there anyone who would hold the SEC to a greater burden of proof than that of a preponderance of the evidence?"

- Question 23: Add "responsible for enforcing the federal securities laws" at the end of the first sentence.

Respectfully Submitted,

Jorge G. Tenreiro

cc: Liam O'Brien, Esq. (via ECF)