# *McCormick & O'Brien, LLP*

*9 East 40th Street*
*Fourth Floor*
*New York, New York 10016*

Main Number: 1 (212) 320-8972                    Main Facsimile: 1 (212) 504-9574

June 6, 2019

**VIA ECF AND OVERNIGHT DELIVERY**

The Honorable Gregory H. Woods
United States District Judge
United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

Re: <u>SEC vs. Gregory T. Dean and Donald J. Fowler, 17-cv-139-GHW</u>

Dear Judge Woods:

  We represent Defendants Gregory Dean and Donald Fowler in the above-referenced case. At the May 22, 2019 Conference, the Court directed the parties to review the Summary Exhibits and provide the Court with the parties' views as to whether the Defendants exhibits are proper summary exhibits under the Federal Rules of Evidence.

  Summary exhibits are admissible if "(1) the underlying documents [are] admissible, even if they are never admitted; (2) the underlying documents [are] too voluminous for convenient in-court review; (3) the charts . . . accurately summarize the underlying documents; [and] (4) the summary charts and the underlying documents . . . have been made available at a reasonable time and place for inspection." United States v. Bertoli, 854 F. Supp. 975, 1051 (D.N.J. 1994) aff'd in part, vacated in part 40 F.3d 1384 (3d Cir. 1994); *See also* United States vs. Thrower, 746 F.Supp.2d 303, 307 (2010).

  As the Court is aware, as a result of extensive motion practice regarding the admissibility of telephone records, Defendants' summary exhibits consist of charts which summarize certain voluminous data relating to phone records from various telephone service vendors. *See* Exhibits 3 and 14 of the O'Brien Affirmation in Support of Motions in Limine dated April 1, 2019. (DOC # 132). The Court has ruled the underlying phone records on which the Summary Exhibits are based are admissible.

Our paralegal Silvana Aloisio reviewed phone records produced to our offices by the SEC on or about November 2017. Her analysis revealed that there were substantial periods of time where there were no records of any calls on several telephone lines that she was reviewing - gaps which encompassed entire weeks and months in many instances. A chart detailing her analysis captures the gaps at issue. Similarly, Ms. Aloisio conducted a review of the subsequent SEC telephone records production dated March 29, 2018. The production included telephone records for 122 phone numbers. Again, she identified any gaps in time indicating there were no call records in connection with each of the 122 phone numbers.

The underlying records on which the summary charts were based upon consisted of several thousands of pages with thousands of entries for phone calls are too voluminous for convenient in-court review. Moreover, the summary charts were created from documents produced by the SEC to Defendants and the summary charts have been made available to the SEC with reasonable time for inspection.

Moreover, Rule 1006 permits a court to admit as evidence not just simple summaries of one set of voluminous records individually, but exhibits that consist of multiple summaries of multiple sets of voluminous records in combination, as is the case with the phone vendor data. In a similar case, the Sixth Circuit upheld the district court's admission of precisely that type of evidence—exhibits created by combining various summaries of large volumes of data to create a timeline of events. *See* United States v. Williams, 952 F.2d 1504, 1519 (6th Cir. 1991) (describing admitted charts as "a compilation of information obtained from telephone records, limousine records, surveillances, and tape recordings of the conversations between defendant and [a witness]" and noting that "[i]n essence, the charts were a chronology of the significant events that occurred on each of those days". Id.

For the foregoing reasons, Defendants believe that these are proper summary exhibits under the Federal Rules of Evidence.

Very truly yours,

Liam O'Brien

Cc: David Stoelting (via e-mail)
U.S. Securities and Exchange Commission
200 Vesey Street, Suite 400
New York, NY 10281
stoeltingd@sec.gov