# McCormick & O'Brien, LLP

*9 East 40th Street*
*Fourth Floor*
*New York, New York 10016*

*Main Number: 1 (212) 320-8972*                    *Main Facsimile: 1 (212) 504-9574*

June 12, 2019

**VIA ECF**
The Honorable Gregory H. Woods
United States District Judge
United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

    Re: SEC vs. Gregory T. Dean and Donald J. Fowler, 17-cv-139-GHW

Dear Judge Woods:

  We represent the Defendants in the above-captioned case and write in further opposition to the SEC's request that exhibits PX17 and PX 18 be admitted into evidence at trial. Both exhibits consist of email correspondence sent from JDN's attorney, Ian Frimet, to the SEC in response to the SEC's requests for information as part of its investigation of JDN. The SEC relayed its requests to Frimet and he, in turn, relayed them to JDN and then relayed JDN's responses back to the SEC.

**PX17 and PX 18 Do not Fall Within the Rule 803(5) Hearsay Exception**. By seeking the introduction of the email exhibits and attachments into evidence under Rule 803(5), the SEC has taken the position that Frimet was an agent of JDN and is therefore a fact witness who possesses actual personal knowledge of the information contained within the exhibits – *to wit*, the identity of JDN's phone provider(s) from January 2011 to May 2015, and the identity of JDN's over 150 telephone numbers. However, in light of the parties' Stipulation regarding Frimet's anticipated testimony (*see* J.X. 2), it undisputed that Frimet had no personal knowledge of JDN's phone system, phone service providers and/or telephone numbers, and he took no steps to verify, and cannot verify, the truth or accuracy of information that he conveyed in the subject emails. (See, Stipulation at ¶¶ 9, 12, 13 and 17). Stated otherwise, the emails were not written by a person with firsthand knowledge of the information contained therein, as required by Rule 803(5).[1] Frimet, an attorney defending a company under investigation, merely transmitted information obtained from one entity to another entity.

  It is well-settled that Rule 803(5) only applies where a trial witness with personal, firsthand knowledge made a recording or caused a recording to be made. As a natural and logical corollary, a witness who creates a record without personal, firsthand knowledge of the contents thereof cannot later read the contents into the trial record for the truth of the matters asserted. See <u>Trouble v. Wet Seal, Inc.</u>, 179 F. Supp. 2d 291, 300 (S.D.N.Y. 2001)(holding that in order to allow plaintiff witnesses to read log entries of customer complaints into record, plaintiff must establish during trial that: "(1) the employee had **firsthand knowledge** of the statement made by a customer; (2) the employee made the […] log entry at or near the time she heard the customer make the statement; (3)

---

[1] Rule 803(5) states that: "The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness: (5) Recorded Recollection. A record that: (A) is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately; (B) was made or adopted by the witness when the matter was fresh in the witness's memory; and (C) accurately reflects the witness's knowledge. If admitted, the record may be read into evidence but may be received as an exhibit only if offered by an adverse party.

the employee made the recording accurately; and (4) the employee can no longer fully recollect the substance of the customer's statement")(emphasis added); Hynes v. Coughlin, 79 F.3d 285 (2d Cir. 1996)(holding that guard's report of incident was not admissible under exception to hearsay rule for past recollection recorded under FRE 803(5) since guard did not see beginning of incident and therefore did not have personal knowledge of contents); Rock v. Huffco Gas & Oil Co., 922 F.2d 272, 280 (5th Cir. 1991)(rejecting argument to admit report under FRE 803(5) since the witness who made report did not have firsthand knowledge of the contents.) *See, e.g.,* Fed.R.Evid. 803 advisory committee's note ("In a hearsay situation, the declarant is, of course, a witness, and neither this rule nor Rule 804 dispenses with the requirement of firsthand knowledge.").

Here, it is undisputed that at no point did Frimet have actual firsthand knowledge of the information which he conveyed in the subject emails. While Frimet may once have had knowledge of the source of the information contained in the emails, there is absolutely no evidence that Frimet ever had personal knowledge of that information. Indeed, the parties have already stipulated that Frimet never did have personal knowledge regarding the conveyed information. Rule 803(5) is therefore not applicable here. The SEC attempts to sidestep this glaring problem by advocating a new tortured legal fiction – that since Frimet was JDN's attorney, the statements in the subject emails are the statements of JDN itself, and JDN as the 'witness' has personal knowledge of its own information. The SEC's argument has absolutely no legal basis or support. If the Court accepts the SEC's argument, a 'corporate witness' would no longer have to provide a trial witness with actual knowledge to introduce hearsay evidence into the trial record. The collective knowledge of a corporate entity would simply be imputed to all 'officers, employees, and other agents' of the corporation, like some hive collective. It is no surprise that legal authority which the SEC cites stands for a different proposition.[2]

Additionally, FRE 803(5) does not permit the introduction of PX17 and PX18 into evidence unless they are offered by an adverse party. Frimet transmitted the subject emails to the SEC as attorney for JDN. JDN is not a party to this action. Assuming arguendo Frimet could properly rely on PX17 and PX18 to refresh his prior firsthand knowledge, the exhibits themselves could not be introduced into evidence.

**PX17 and PX18 are Not Admissions by Fowler.** The SEC next contends that since Frimet also at one time represented Fowler, his email to the SEC on behalf of JDN was actually an admission by Fowler under Rule 801(d)(2). However, there is absolutely no indication or evidence that Frimet's correspondence with the SEC, as encompassed in PX17 and PX18, was undertaken on behalf of, at the direction of or for the benefit of Fowler, nor that it was undertaken with Fowler's knowledge, instruction or ratification. As with its previous argument, the SEC provides no legal authority for the proposition that where an attorney represents multiple parties or interests, the attorney's statements on behalf of one client are automatically attributed to the attorney's other clients.

**Residual Exception under Rule 807.** Finally, the SEC contends that the PX17 and PX18 should be admitted as against Fowler pursuant to Rule 807. The SEC contends that Frimet's emails on behalf of JDN possess circumstantial guarantees of trustworthiness since the emails were authored by a

---

[2] The SEC only cites cherrypicked portions of completely inapplicable case law. See e.g. Stone v. C.R. Bard, Inc., No. 02 CIV 3433 WHP, 2003 WL 22902564, at *2 (S.D.N.Y. Dec. 8, 2003)(addressing whether a corporation's prior criminal conviction could be used to impeach a corporate representative's testimony); United States v. Marcus Schloss & Co., No. 88 CR. 796 (CSH), 1989 WL 153353, at *10 (S.D.N.Y. Dec. 11, 1989)(the SEC omitted the language in italics from the following quote, which was actually taken from the trial court's jury charge: "*The Court charged the jury on that point: In general, the criminal law treats corporations as persons.* Corporations, *however,* can speak and act only though the corporation directors, officers, *employers*, and other agents. *When a corporate director or officer conducts business for a corporation, his words and actions are the words and actions of the corporation. The law, therefore, permits that in certain circumstances corporations may be held accountable for the criminal acts committed or authorized by their directors or officers*").

licensed attorney.  However, the SEC ignores the critical problem at hand – specially, that the actual declarant or witness who provided the information to Frimet is unknown.  See Nat'l Commc'n Ass'n. Inc. v. Am. Tel. & Tel. Co., No. 92-CV-1735 (LAP) 1998 WL 118174, at *10 n.7 (S.D.N.Y. Mar. 16, 1998)(determining that the court would not "accept hearsay for which the declarant is unidentified" because "it is virtually impossible to determine the trustworthiness of a statement" in such circumstances)..  Furthermore, the SEC provides no evidence in support of its cursory assertion that the subject exhibits are the only documents which it can produce regarding JDN's phone lines and service providers because "JDN no longer exists on no one can testify on its behalf".  JDN ceased operating less than four years ago.  Noticeably lacking is any explanation of the efforts the SEC undertook to locate a proper witness.

**PX17 and PX18 are Not Akin to Police Reports**.  It was suggested yesterday during the discussion before the Court that admission of PX17 and PX18 is potentially akin to the admission of a police report which contains a witness statement.  We respectfully submit that such an analogy has no application here.  As succinctly set forth by the court in Boykin v. W. Express, Inc., No. 12CV7428 NSR JCM, 2016 WL 8710481, at *4 (S.D.N.Y. Feb. 5, 2016)(holding that diagram in police report was inadmissible hearsay because officer did not witness accident), a police report may be "admissible as an exception to the hearsay rule either as a business record under Rule 803(6), Fed. R. Evid., or a public record under 803(8), Fed. R. Evid."  Nonetheless, "to the extent the report contains third-party statements or statements not based on the officer's personal knowledge, such material is hearsay."  Id., citing Gervacio v. Zall, 345 Fed.Appx. 638, 640 (2d Cir. 2009); Fed. R. Evid. 803(8) advisory committee's note ("Police reports have generally been excluded except to the extent to which they incorporate firsthand observations of the officer"); Fed. R. Evid. 803(6) advisory committee's note (noting that information in a police report supplied by a bystander ordinarily is inadmissible).  Even where the potential admission of a police report is considered under Rule 803(5), the court must assess whether report contains hearsay within hearsay, and if it does, the second layer of hearsay is inadmissible unless another hearsay exception applies.  See Bennett v. Spitzer, No. 05-CV-1399 (JFB), 2007 WL 389213, at *8 (E.D.N.Y. Jan. 31, 2007)(stating that police reports can be admitted under the business record exception but that "a party wishing to introduce a police report must provide an independent evidentiary basis for admitting hearsay statements by other individuals contained within a police report").

As it stands, it is undisputed that Frimet did not have personal or firsthand knowledge of the information contained in the email exhibits, and he is therefore not the operative or proper witness for purposes of Rule 803.  Moreover, and critically, there is no evidence or indication regarding the identity of the person who provided the subject information to Frimet, and no indication regarding whether that person himself or herself had firsthand knowledge.  These are fatal defects that must not be ignored.

Thank you for your consideration of these issues

Very truly yours,

/s/

_____

Liam O'Brien, Esq.

cc:
David Stoelting (via e-mail)
U.S. Securities and Exchange Commission
200 Vesey Street, Suite 400
New York, NY 10281
stoeltingd@sec.gov