

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
New York Regional Office
Brookfield Place, 200 Vesey St.
New York, NY 10281-1022

| | |
|---|---|
| **DIVISION OF**<br>**ENFORCEMENT** | Jorge Tenreiro<br>Senior Trial Counsel<br>(212) 336-9145 (direct) |

June 12, 2019

**VIA ECF**

The Honorable Gregory H. Woods
United States District Judge
United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

      Re:    *SEC v. Gregory T. Dean and Donald J. Fowler,* 17-cv-139-GHW

Dear Judge Woods:

      We write regarding the SEC's motion to introduce into evidence PX 279, the Consent of Gregory T. Dean. The fact of Dean's settlement with the SEC is admissible under several provisions of the Federal Rules of Evidence, which the SEC sets forth briefly below. The SEC will not seek its introduction when trial resumes. However, the request may become relevant again depending on the testimony of Mr. Fowler, and/or depending on the evidence presented in the Defendant's case, if any. However, to comply with the Court's order, and in the interest of efficiency and of fully briefing the issue in advance so that it may be resolved expeditiously should the question come up again, the SEC is setting forth below three bases for admitting PX 279.

**Statement Against Interest of an Unavailable Party**

      Rule 804(a)(5)(B) and 804(b)(3) together make clear that PX 279 is admissible as an exception to the rule against hearsay. The SEC has made all reasonable efforts to serve Mr. Dean and procure his testimony since Tuesday morning and has been unable to do so. *See* Fed. R. Evid. 804(a)(5)(B). However, PX 279 constitutes a signed, sworn statement to the SEC and to the Court that Mr. Dean understood immediately subjected him to civil liability. It is thus a statement that he "would have only made if [he] believed it to be true because, when made, [it] was so contrary to [his] proprietary or pecuniary interest . . . or to expose the declarant to civil liability." Fed. R. Evid. 804(b)(3)(A). In particular, Mr. Dean must have understood that the statements in PX 279 subjected him not only to civil liability, but to a potential lifetime bar from serving as a registered broker-dealer.

**Public Records**

      PX 279 is alternatively admissible as a public record because it sets out the activities of the Court. Fed. R. Evid. 803(8)(A). Particularly, if Mr. Dean's statements (his admissions) are redacted from PX 279, the document is admissible to prove the *fact* of his settlement with the

SEC.  *See generally United States v. Wright*, 285 F. Sup. 3d 443, 450-52 (D. Mass. 2018) (collecting cases and admitting foreign conviction of co-defendant in *criminal trial* against hearsay and unfair prejudice objection, noting that the conviction was evidence of the fact of conviction and length of incarceration).  The SEC will be unfairly prejudiced if it is unable to explain to the Jury why Mr. Dean is not present at the trial, given how much evidence has already been heard about Mr. Dean and Mr. Fowler's relationship, and Defendant's argument that Dean handled the account of testifying customer Clay Miller.  Thus, at a minimum, PX 279 is admissible if Mr. Dean's admissions are redacted.

**Judicial Notice**

Finally, the Court is able to take judicial notice of the lawsuit by the SEC against Mr. Dean, and of Mr. Dean's settlement, as both constitute facts that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questions."  Fed. R. Evid. 201(b)(2).

In sum, PX 279 is plainly admissible at trial.  The SEC will not immediately seek its admission when the proceedings resume tomorrow but may be obligated to do so depending on evidence offered by Mr. Fowler during the SEC's case or during the defense case.

Respectfully submitted,

Jorge G. Tenreiro