

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
New York Regional Office
Brookfield Place, 200 Vesey St.
New York, NY  10281-1022

**DIVISION OF**
**ENFORCEMENT**

**David Stoelting**
**Senior Trial Counsel**
**(212) 336-0174 (direct)**
**(212) 336-1324 (fax)**

June 13, 2019

**BY ECF**

The Honorable Gregory H. Woods
United States District Judge
United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

     **Re:**    *SEC v. Donald J. Fowler,* **17-cv-139-GHW**

Dear Judge Woods:

I write in response to the Court's suggestion at the conclusion of the trial day today that the SEC supplement its views on its pending motion to introduce evidence of Gregory Dean's settlement with the SEC. I also attach updated information on the SEC's ongoing efforts to serve Mr. Dean with a trial subpoena.

The purpose of introducing evidence of Mr. Dean's settlement is so that the jury understands the reason for "the empty chair."  As Judge Durkin of the N.D. Ill. stated in an SEC action:

> [N]ormally what I would do is tell the jury – or allow the SEC to state that [the settling defendant] and whoever else settled was originally in the case, but for reasons they're not to concern themselves with, they're no longer in the case.  That's typically what judges would instruct.  A jury may speculate a little, but most jurors would figure: All right.  They settled.

Ex. A at 3 (*SEC v. Steffes, et al.*, 10-cv-6266 (N.D.Ill. Jan. 7, 2014) (tr. of final pretrial conf.).

In overruling the objection of the defendants, Judge Durkin further stated that he would provide a limiting instruction "that explains why . . . he's an empty chair."  Ex. A at 4.  Similarly, in this case the jury is no doubt wondering why Mr. Fowler's partner, Mr. Dean, is also not on trial, and should be informed of the reason why.

Simply informing the jury of the publicly known facts that Mr. Dean was charged along with Mr. Fowler, but is not in the case due to the settlement, does not run afoul of Rule 408 because it is offered for a purpose other than to establish the liability of Mr. Fowler.  *See SEC v. Pentagon Capital Mgt.*, *PLC*, 08-cv-3324, 2010 WL 985205, *4 (S.D.N.Y. Mar. 17, 2010).

Finally, Mr. O'Brien's letter filed earlier today stated that the SEC had provided "no further detail regarding its efforts" to serve Mr. Dean with a trial subpoena.  In fact, as the attached declaration from the general manager of Cavalier Courier & Process Service demonstrates, the SEC has taken "reasonable means" to procure Mr. Dean's attendance at trial but has thus far been unable to do so; accordingly, Mr. Dean is "unavailable" under FRE 804(a).  Ex. B.

Respectfully submitted,

/s *David Stoelting*
David Stoelting

cc:     Liam O'Brien, Esq.

Attachment:
Ex. A: *SEC v. Steffes* transcript
Ex. B: Declaration of Eric Turnbaugh

2